STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
MARCOS D. SASSO (State Bar No. 228905)
A. R. KACHADOORIAN (State Bar No. 240601)
2029 Century Park East
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A., incorrectly
identified as CITIBANK, N.A., dba CITI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RICHARD P. HACK, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A., dba CITI<br><br>   Defendant. | **Case No. 3:08-cv-03360-BZ**<br><br>Assigned to the Honorable Bernard Zimmerman<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A., INCORRECTLY IDENTIFIED AS CITIBANK, N.A. dba CITI; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**<u>Hearing</u>**<br>**Date:**   October 22, 2008<br>**Time:**   10:00 a.m.<br>**Courtroom:   G** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 22, 2008, in Courtroom G at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Bernard Zimmerman of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, defendant Citibank (South Dakota), N.A., incorrectly identified in the Complaint as "Citibank, N.A., dba Citi" ("Citibank"), will and hereby does move the Court for an Order dismissing, with prejudice, all claims alleged in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as follows:

The Complaint fails to state a claim for relief for the following reasons:

<u>First</u>, with respect to Plaintiff's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> (the "FDCPA"), such claim fails as a matter of law for the simple reason that Plaintiff does not, and cannot, allege any facts establishing that Citibank is a "debt collector" subject to the FDCPA. <u>See</u> 15 U.S.C. § 1692a(6). Because the FDCPA applies by its express terms only to "debt collectors" and does not govern "creditors" such as Citibank, Plaintiff's FDCPA claims are barred as a matter of law.

<u>Second</u>, with respect to Plaintiff's claim for violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code section 1788, <u>et seq.</u> ("RFDCPA"), such claim fails as a matter of law because the sending of a monthly account statement is exempt under the RFDCPA and, alone, does not constitute communication to collect a debt, under the RDCPA.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings on file regarding the Complaint and upon such other and further evidence and argument as may be presented to the Court in

/ / /
/ / /
/ / /
/ / /
/ / /

1  connection with this Motion.

2  Dated: August 15, 2008                    Respectfully submitted,

3                                            STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND
4  MARCOS D. SASSO
   A. R. KACHADOORIAN

6

7                                            By:  _____/S/_____
                                                  Marcos D. Sasso

8                                            Attorneys for Defendant
9                                               CITIBANK (SOUTH DAKOTA), N.A.,
                                                incorrectly identified as
10                                              CITIBANK, N.A., dba CITI

LA 51074792v1

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................5

II. FACTUAL BACKGROUND ................................................................................................6

III. ARGUMENT ..........................................................................................................................7

    A. Standard On A Motion To Dismiss And Motion To Strike. .......................................7

    B. The FDCPA Claims Must Be Dismissed Because Citibank Is Not A "Debt Collector" Subject To The FDCPA. ............................................................................7

    C. Plaintiff's Claims Must Be Dismissed Because The Sending Of The May 2008 Statement Does Not Constitute "Debt Collecting" And Otherwise Does Not Constitute An Impermissible "Communication" Under The RFDCPA. .............10

IV. CONCLUSION ....................................................................................................................12

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51074792v1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Aubert v. American Gen. Fin., Inc.,
      137 F.3d 976 (7th Cir. 1998) .................................................................................................4

Bailey v. Sec. Nat'l Servicing Corp.,
      154 F.3d 384 (7th Cir. 1998) .................................................................................................8

Brown v. Citibank (South Dakota), N.A.,
      No. 5:06-CV-123-FL, 2006 U.S. Dist. LEXIS 82785 (E.D.N.C. Oct. 19, 2006) ...............6

Dahlhammer v. Citibank (South Dakota) N.A.,
      No. 05-CV-1749, 2006 WL 3484352 (M.D. Pa. Nov. 30, 2006) ..........................................5

Doherty v. Citibank (South Dakota) N.A.,
      375 F. Supp. 2d 158 (E.D.N.Y. 2005) ..............................................................................4, 5

Duncan v. Citibank (South Dakota), N.A.,
      No. Civ. 06-1246 JB/KBM, 2006 WL 4063022 (D.N.M. June 30, 2006) .........................5

Harrison v. NBD Inc.,
      968 F. Supp. 837 (E.D.N.Y. 1997) ........................................................................................4

Kacludis v. GTE Sprint Commc'ns Corp.,
      806 F. Supp. 866 (N.D. Cal. 1992) ........................................................................................3

Kloth v. Citibank (South Dakota), N.A.,
      33 F. Supp. 2d 115 (D. Conn. 1998) ....................................................................................5

Lewis v. ACB Bus. Servs, Inc.,
      135 F.3d 389 (6th Cir. 1998) .................................................................................................5

Maguire v. Citicorp Retail Services, Inc.,
      147 F.3d 232 (2d Cir. 1998) ..................................................................................................4

Meads v. Citicorp Credit Services, Inc.,
      686 F. Supp. 330 (S.D. Ga. 1988) ........................................................................................5

Montgomery v. Huntington Bank,
      346 F.3d 693 (6th Cir. 2003) .................................................................................................5

Murray v. Citibank (South Dakota), N.A. and NCO Financial Systems, Inc.,
      No. 04 C 3294, 2004 WL 2367742 (N.D. Ill. October 19, 2004) .........................................5

North Star Int'l v. Arizona Corp. Comm'n,
      720 F.2d 578 (9th Cir. 1983) .................................................................................................3

Pacheco v. Citibank (South Dakota), N.A.,
      No. C07-01276 JSW, 2007 WL 1241934 (N.D. Cal. April 27, 2007) ............................5, 7

Parks Sch. of Bus. v. Symington,
      51 F.3d 1480 (9th Cir. 1995) .................................................................................................3

# TABLE OF AUTHORITIES

## (CONTINUED)

**Page(s)**

Pavone v. Citicorp Credit Servs., Inc.,
    60 F. Supp. 2d 1040 (S.D. Cal. 1997) .................................................................................. 5

Perry v. Stewart Title Co.,
    756 F.2d 1197 (5th Cir. 1985) ............................................................................................. 4

Ray v. Citibank (South Dakota), N.A.,
    187 F. Supp. 2d 719 (W.D. Ky. 2001) ................................................................................. 5

Robertson v. Dean Witter Reynolds, Inc.,
    749 F.2d 530 (9th Cir. 1984) ............................................................................................... 3

Roe III v. Unocal Corp.,
    70 F. Supp. 2d 1073 (C.D. Cal. 1999) ................................................................................. 3

Sankowski v. Citibank (South Dakota), N.A.,
    No. 06-CV-02469, 2006 WL 2037463 (E.D. Pa. July 14, 2006) ........................................ 5

Schmitt v. FMA Alliance,
    398 F.3d 995 (8th Cir. 2005) ............................................................................................... 4

Shamburger v. Grand Casino of Mississippi, Inc.,
    84 F. Supp. 2d 794 (S.D. Miss. 1998) ................................................................................. 4

Thomasson v. Bank One, Louisiana, N.A.,
    137 F. Supp. 2d 721 (E.D. La. 2001) .................................................................................. 4

Transphase Sys., Inc. v. S. Cal. Edison Co.,
    839 F. Supp. 711 (C.D. Cal. 1993) ...................................................................................... 3

Wadlington v. Credit Acceptance Corp.,
    76 F.3d 103 (6th Cir. 1996) ................................................................................................. 4

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) ............................................................................................... 3

**STATUTES, RULES & REGULATIONS**

12 C.F.R. § 226.5(b)(2) ............................................................................................................. 2, 7

12 C.F.R. § 226.7 ...................................................................................................................... 2, 7

15 U.S.C. § 1637(b) ...................................................................................................................... 7

15 U.S.C. § 1692a(4) .................................................................................................................... 4

15 U.S.C. § 1692a(6) .................................................................................................................... 4

53 Fed. Reg. 50,087, 50,102 (1988) ............................................................................................. 5

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## **TABLE OF AUTHORITIES**
## **(CONTINUED)**

**Page(s)**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................3

Cal. Civ. Code § 1788.14(c) ..........................................................................................................6

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     INTRODUCTION**

In this action, plaintiff Richard Hack ("Plaintiff") asserts two frivolous claims against defendant Citibank (South Dakota), N.A. ("Citibank"), both of which are premised on allegations that Citibank sent Plaintiff a monthly billing statement for Plaintiff's credit card account after allegedly being notified that Plaintiff was represented by counsel. Plaintiff asserts that, by sending the monthly billing statement to Plaintiff, which included a toll-free number and an invitation that Plaintiff call Citibank to discuss how to put his "economic stimulus payment to work" and how Citibank could help Plaintiff "bring [his] account current," Citibank purportedly violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2) ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Section 1788.14(c). ("RFDCPA"). Even accepting Plaintiff's allegations as true (solely for purposes of this Motion), Plaintiff's claims fail as a matter of law.

First, it is black letter law that the FDCPA does not apply to creditors, like Citibank. Rather, the FDCPA applies only to "debt collectors." Plaintiff's own allegations confirm that Citibank was a "creditor" (not a debt collector) with respect to the debt at issue. Even if the toll-free number and an invitation to discuss how to put his "economic stimulus payment to work" and how Citibank could help Plaintiff "bring [his] account current," could somehow be characterized as an attempt to collect Plaintiff's debt to Citibank (which it cannot), such conduct still does not bring Citibank within the FDCPA's definition of "debt collector." Indeed, various courts across the country, including this Court, have dismissed FDCPA lawsuits based on the indisputable fact that Citibank is not a "debt collector" subject to the FDCPA. Thus, because Plaintiff's own allegations operate to preclude any FDCPA claim as a matter of law, such claim should be dismissed without leave to amend.

Second, Plaintiff's RFDCPA claim fails as a matter of law because Section 1788.14(c) expressly excludes the sending of "statements of account" from the prohibition on communications with debtors that are represented by counsel. Thus, as a matter of law, the mailing of the monthly statement by Citibank cannot constitute a violation of the RFDCPA. This conclusion is buttressed by the undisputable fact that federal law requires Citibank to send monthly account statements to

LA 51074792v1

cardholders, except in limited circumstances.  See 12 C.F.R. § 226.5(b)(2), 226.7.  Moreover, nothing in the monthly account statement can be construed as a "communication" to "collect a debt" within the meaning of the RFDCPA or the FDCPA.

Plaintiff's FDCPA and RFDCPA claims are fatally defective.  Accordingly, Plaintiff's Complaint should be dismissed and leave to amend should not be permitted.

## II.   FACTUAL BACKGROUND

Plaintiff filed this action on June 6, 2008 in Superior Court for San Francisco County and Citibank removed the action based upon federal question jurisdiction on July 11, 2008.  In the Complaint, Plaintiff alleges that, "[s]ome time ago, Plaintiff was issued a Citi Diamond Preferred Rewards Card" account by Citibank (the "Account").  Compl., ¶ 9.  Plaintiff admittedly used the Account to "acquire, on credit, goods and services for [his] personal, family, and household needs."  Id., ¶ 10.  According to Plaintiff, he "defaulted" on paying the Account and, ultimately, retained counsel "for representation in dealing with the creditors and collectors."  Id., ¶ 15.

Plaintiff avers that, on or about December 29, 2007, his counsel allegedly sent a letter to Citibank advising that "Plaintiff was represented by attorney Irving L. Berg, with respect to Plaintiff's debt, and that all communications regarding Plaintiff's debt should be addressed to Plaintiff's attorney."  Id., ¶ 17.  A copy of the purported December 29, 2007 letter is attached to the Complaint as Exhibit "A".  The letter is addressed to an entity identified only as "Citi Cards" and the letter is not signed.  See Compl., Ex. "A".  Plaintiff alleges that the letter "was not returned as undeliverable by the U.S. Postal Service, and it is presumed that the letter was received shortly after it was sent."  Compl., ¶ 19.

According to Plaintiff, Citibank subsequently contacted "Plaintiff directly stating, *inter alia*: 'Put your economic stimulus payment to work!  Let us help you bring your account current.  Call us today at 1-866-535-9411.'"  Id., ¶ 20.  Plaintiff alleges that the telephone number was "to Defendant's collection department in Kansas City, Missouri."  Id.  According to Plaintiff, a "partial copy of the direct communication" is attached as Exhibit "B" to the Complaint.  In fact, Exhibit "B" are two of four pages from the May 2008 monthly billing statement (the "May 2008 Statement") for the Account.  Other than the May 2008 Statement, Plaintiff fails to identify any other documents, which he contends constitutes a "communication" from Citibank to Plaintiff at

LA 51074792v1

issue in this case. Plaintiff alleges that, by sending the May 2008 Statement to Plaintiff, Citibank purportedly violated Section 1788.14(c) of the RFDCPA and Section 1692c(a)(2) of the FDCPA "by communicating with Plaintiff after receiving notice of attorney representation." See Compl., ¶¶ 21-24.

Based on the foregoing, Plaintiff seeks statutory damages of $1,000 under both the RFDCPA and FDCPA for a total of $2,000 in statutory damages, as well as attorneys' fees and costs. Compl., Prayer, p. 4.

### III.   ARGUMENT

**A.   Standard On A Motion To Dismiss And Motion To Strike.**

A motion to dismiss for failure to state a claim tests the complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6); North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983); Roe III v. Unocal Corp., 70 F. Supp. 2d 1073, 1075 (C.D. Cal. 1999). "A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory." Kacludis v. GTE Sprint Commc'ns Corp., 806 F. Supp. 866, 870 (N.D. Cal. 1992) (quoting Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). The court must take as true all allegations of material fact, in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not necessarily "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Transphase Sys., Inc. v. S. Cal. Edison Co., 839 F. Supp. 711, 718 (C.D. Cal. 1993) (the Court does not "need to accept as true conclusory allegations . . . or unreasonable inferences").

**B.   The FDCPA Claims Must Be Dismissed Because Citibank Is Not A "Debt Collector" Subject To The FDCPA.**

The FDCPA does not authorize blanket claims against creditors; rather, the FDCPA regulates the practices of "debt collectors," and the statute includes a specific definition of that term. See 15 U.S.C. § 1692a(6). The FDCPA defines "debt collector" as "any person who uses

LA 51074792v1

any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added).

Critically, "[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005).[1]  Indeed, a "plain reading of the statute reveals that generally, as a matter of law, creditors are not subject to the FDCPA." Doherty v. Citibank (South Dakota) N.A., 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005) (internal quotations and citation omitted).  Further, "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . ." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (internal quotations and citation omitted).  Thus, it is well established that a company collecting debts owed to itself, like Citibank here, generally is not a debt collector.  See, e.g., Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection … are not subject to the" FDCPA.); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir. 1996) ("a debt collector does not include the consumer's creditors") (quoting Perry, 756 F.2d at 1208); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235-36 (2d Cir. 1998); Shamburger v. Grand Casino of Mississippi, Inc., 84 F. Supp. 2d 794, 801 (S.D. Miss. 1998); Harrison v. NBD Inc., 968 F. Supp. 837, 843 (E.D.N.Y. 1997); Thomasson v. Bank One, Louisiana, N.A., 137 F. Supp. 2d 721, 724 (E.D. La. 2001) (holding that bank attempting to collect its own debts was not a "debt collector"). Even the Federal Trade Commission's Official Staff Commentary on the FDCPA instructs that a "debt collector" does not include a "credit card issuer that collects its cardholder's account . . . because the issuer is collecting its own debts, not those owed or due another." 53 Fed. Reg. 50,087, 50,102 (1988).

"Thus, courts dismiss for failure to state a claim suits brought under the FDCPA against credit card companies or banks that extend credit and attempt to collect the unpaid debt." Duncan

---

[1] A "creditor" under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4).

LA 51074792v1

v. Citibank (South Dakota), N.A., No. Civ. 06-0246 JB/KBM, 2006 WL 4063022, at *3 (D.N.M. June 30, 2006); Lewis v. ACB Bus. Servs, Inc., 135 F.3d 389, 411 (6th Cir. 1998) (holding that credit card company "is primarily in the business of extending credit" rather than collecting debt and thus is not a debt collector under the FDCPA); Montgomery v. Huntington Bank, 346 F.3d 693, 698-99 (6th Cir. 2003) (bank repossessing collateral was not a "debt collector" under the FDCPA).

Applying this black letter law, courts, including this Court, have routinely dismissed cases brought against Citibank and its affiliates under the FDCPA for the very reason that Citibank is not a "debt collector." See, e.g., Pacheco v. Citibank (South Dakota), N.A., Case No. C 07-01276 JSW, 2007 WL 1241934, 2 (N.D. Cal. April 27, 2007) (dismissing FDCPA claim against Citibank); Doherty, 375 F. Supp. 2d at 162; Duncan, 2006 WL 4063022, at *3; Kloth v. Citibank (South Dakota), N.A., 33 F. Supp. 2d 115, 119 (D. Conn. 1998); Meads v. Citicorp Credit Services, Inc., 686 F. Supp. 330, 333-34 (S.D. Ga. 1988); Murray v. Citibank (South Dakota), N.A. and NCO Financial Systems, Inc., No. 04 C 3294, 2004 WL 2367742 at *2 (N.D. Ill. October 19, 2004); Ray v. Citibank (South Dakota), N.A., 187 F. Supp. 2d 719, 722 (W.D. Ky. 2001); Pavone v. Citicorp Credit Servs., Inc., 60 F. Supp. 2d 1040, 1047-48 (S.D. Cal. 1997); Elias v. Citibank, N.A., Case No. 1:02CV0002, Memorandum Opinion (N.D. Ohio Dec. 19, 2003) (copy attached as Exhibit 1), at 3; Bingham v. ARS National Servs., Inc., No. CV99-1661-PHX-MS-PHX-PGR, Order (D. Ariz. April 19, 2000) (copy attached as Exhibit 2), at 5-7; Sankowski v. Citibank (South Dakota), N.A., Civil Action No. 06-CV-02469, 2006 WL 2037463 (E.D. Pa. July 14, 2006); Dahlhammer v. Citibank (South Dakota) N.A., No. 05-CV-1749, 2006 WL 3484352 (M.D. Pa. Nov. 30, 2006); Brown v. Citibank (South Dakota), N.A., No. 5:06-cv-123-FL, 2006 U.S. Dist. LEXIS 82785 (E.D.N.C. Oct. 19, 2006).

Here, Plaintiff expressly alleges that he obtained the Account from Citibank and that Citibank allegedly violated the FDCPA by sending the May 2008 Statement to Plaintiff and, thereby, supposedly "communicating with Plaintiff after receiving notice of attorney representation" Complaint, ¶¶ 9, 17-24. Thus, even construing Plaintiff's allegations as true (which they are not), such allegations establish that Citibank's alleged conduct was undertaken as a "creditor," and not a "debt collector." Plaintiff does not, and cannot, allege any facts establishing

LA 51074792v1

that Citibank somehow acted as a "debt collector" subject to the FCDPA. Accordingly, Plaintiff's FDCPA claim against Citibank fails as a matter of law and should be dismissed without leave to amend.

**C.   Plaintiff's Claims Must Be Dismissed Because The Sending Of The May 2008 Statement Does Not Constitute "Debt Collecting" And Otherwise Does Not Constitute An Impermissible "Communication" Under The RFDCPA.**

Although the RFDCPA defines "debt collectors" more broadly than its federal counterpart, Plaintiff's state law claim under the RFDCPA also must be dismissed because the conduct at issue – the sending of the May 2008 Statement – does not constitute "debt collecting" and is not an impermissible "communication" under the RFDCPA. Indeed, the RFDCPA provides, in pertinent part: "No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . . (c) Initiating communications, ***other than statements of account***, with the debtor with regard to the consumer debt . . . ." Cal. Civ. Code § 1788.14(c) (emphasis added). Moreover, notwithstanding that Citibank is not a "debt collector" under, and, thereby, not subject to, the FDCPA, only communications "in connection with the collection of any debt" fall under the ambit of the FDCPA. Put simply, the conduct alleged by Plaintiff in the Complaint is not an "attempt to collect a consumer debt" within the meaning of the RFDCPA and FDCPA.

Here, Plaintiff alleges that Citibank violated the FDCPA and RFDCPA solely by sending the May 2008 Statement, which provided a toll-free phone number and invited Plaintiff to call Citibank to discuss how to put his "economic stimulus payment to work" and how to "bring [his] account current," to Plaintiff after Citibank allegedly received notice that Plaintiff is represented by counsel. As discussed, the RFDCPA specifically excludes account statements from the "communications" that are actionable under the RFDCPA. Further, "while the [RFDCPA] incorporates by reference certain provisions of the FDCPA, '[a]ny resulting liability . . . remains a state claim.'" Pacheco, 2007 WL 1241934, * 3 (citation omitted). Thus, as a matter of law, the sending of the May 2008 Statement alone cannot constitute a violation of the RFDCPA.

Moreover, it should be noted that, under the federal Truth In Lending Act, 15 U.S.C. Section 1601, et seq. ("TILA"), and its implementing regulation, 12 C.F.R. pt. 226 ("Regulation Z"), Citibank is required to send a monthly statement "for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed

LA 51074792v1

. . . ." 15 U.S.C. § 1637(b)[2]; 12 C.F.R. § 226.7 (stating that the "creditor shall furnish the consumer with a periodic statement . . . ."). With respect to the balance owed on the Account, the May 2008 Statement does not include anything other than that which is statutorily required under TILA and Regulation Z, including, among other things, the account balance, the transaction history, the amount of finance charges and the due date by which payment must be received to avoid additional finance charges. See 15 U.S.C. § 1637(b); 12 C.F.R. § 226.7. In this regard, the May 2008 Statement does not "demand" any payment in connection with the collection of a "debt." Also, while the FDCPA does not include the same provision of the RFDCPA specifically exempting the sending of monthly account statements, such omission is logical given that the FDCPA does not apply to creditors, like Citibank. Put simply, the sending of the May 2008 Statement alone could not constitute a "communication" under the FDCPA given the federal mandate that creditors (like Citibank) send monthly billing statements.

Finally, to the extent that Plaintiff contends that Citibank improperly communicated with him by including the phone number and inviting Plaintiff to call Citibank to discuss how to put his "economic stimulus payment to work" and how to "bring [his] account current," such conduct does not fall under the ambit of either statute. In this regard, the decision of the Seventh Circuit in Bailey v. Sec. Nat'l Servicing Corp., 154 F.3d 384 (7th Cir. 1998) ("Bailey"), is instructive. In Bailey, after plaintiffs had defaulted on their mortgage payments and entered into forbearance agreements, defendants (mortgage service providers) sent plaintiffs a series of letters that listed the upcoming payments and stated that defendants wished to "work with you on the resolution of your delinquency" and warned that sending less than the required payment could render the forbearance agreement "null and void" and require immediate payment of the underlying note in full. Bailey, 154 F.3d at 386. Plaintiffs responded by filing a putative class action, claiming that defendants violated the FDCPA because the letters did not comply with the FDCPA. Id.

The Seventh Circuit affirmed the District Court's grant of summary judgment in favor of defendants, holding that the letters – which did not "'demand' any payment whatsoever, but merely

---

[2] No periodic statement need be sent "for an account if the creditor deems it uncollectible, or if delinquency collection proceedings have been instituted, or if furnishing the statement would violate federal law." 12 C.F.R. 226.5(b)(2)(i).

LA 51074792v1

inform[ed] [plaintiffs] about 'the current status' of their account" – were not a "communication related to 'the collection' of a debt" and, thus, did not "fall under the ambit of the Act." Id., at 388-89. Rather, "[a]t most the letter contains a warning" and a "warning that something bad might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite because it tries to prevent the circumstance wherein payments are missed and a real dun must be mailed." Id., at 389.

Here, nothing in the May 2008 Statement can be construed as a "communication" to "collect a debt." The language cited by Plaintiff – that he call Citibank to discuss how to put his "economic stimulus payment to work" and how to "bring [his] account current" – is no different from the language in Bailey suggesting loan workout options and informing about the status of the account. The cited language does not "demand" any payment of any debt. Further, the cited language is even more innocuous than the language of the letters in Bailey because there is no suggestion or "warning" in the May 2008 Statement that "something bad might happen" if Plaintiff chose not to call Citibank. Put simply, the language in the May 2008 Statement speaks for itself, and nothing in the Statement can even remotely be construed as constituting a communication to collect a debt.

## IV.     CONCLUSION

For the foregoing reasons, Citibank respectfully requests that this Court grant the Motion in its entirety and without leave to amend.

Dated: August 15, 2008

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
A. R. KACHADOORIAN

By:     /S/
Marcos D. Sasso

Attorneys for Defendant
  CITIBANK (SOUTH DAKOTA), N.A.,
  incorrectly identified as CITIBANK,
  N.A., dba CITI

LA 51074792v1